UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EDDIE J. STREETER | ) | CASE NO.: 08-32202(1)(7) |
| JOAN MARIE STREETER | ) | |
| | ) | |
| Debtor(s) | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Application for Interim Compensation for Attorney for Trustee, Michael Wheatley ("the Application") filed by attorney Neil C. Bordy. The Court considered the Application, the Objection to the Application filed by the Debtors Eddie J. Streeter and Joan Marie Streeter ("Debtors") and the comments of the attorney for the Trustee, the Trustee and the Debtors at the hearing held on this matter.

The employment of Neil C. Bordy as attorney for the Trustee was approved by an Order of this Court dated August 13, 2008. Mr. Bordy's employment was approved as the attorney for the Trustee and as being in the best interest of the estate. Mr. Bordy's employment was approved by the Court at the hourly rate of $200.

On November 18, 2010, Mr. Bordy filed his Application pursuant to 11 U.S.C. §331. The Application was properly supported with detailed time records relating to the work performed for the Trustee in connection with his duties on behalf of the Debtors' estate. The Application related to all work performed by the attorney for the Trustee from July 17, 2008 through August 13, 2010. The Application seeks total compensation in the amount of $10,357.50.

The Debtors object to the Application contending the Trustee made excessive distributions on creditors' claims and that they neither contracted with Mr. Bordy, nor did they agree with his hiring. In essence, the Debtors object to the estate paying Mr. Bordy's fees out of funds obtained pursuant to a settlement of Debtor Eddie J. Streeter's wrongful termination case, which was settled by mediation during the course of this bankruptcy.

Initially, the Court notes that Debtors did not object to Mr. Bordy's employment after proper notice and a hearing. Second, once the Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code, any claims and non-exempt assets of the Debtors including the wrongful discharge claim, became property of the bankruptcy estate pursuant to 11 U.S.C. §541. Upon his appointment as Trustee of the Debtors' case, the Trustee was charged with the duty to administer these assets and claims on behalf of the estate. See, 11 U.S.C. §704(a).

The review of the Application establishes that nearly all of the time spent by the attorney for the Trustee was related to the Trustee's duties and settlement of the wrongful discharge claim. The Court finds the tasks and charges set forth in the Application were actual and necessary services rendered by the attorney for the Trustee. The Application requests reasonable compensation and is fully supported by the time records filed in support of the Application. Accordingly, the Court will approve the Application.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Neil C. Bordy, as attorney for the Trustee hereby is allowed $10,357.50 as compensation for services rendered.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the aforementioned award represents an administrative expense of the estate.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 14, 2011